# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND | ) | |
| SOUTHWEST AREAS PENSION FUND; | ) | |
| and ARTHUR H. BUNTE, JR., as Trustee, | ) | |
| | ) | Case No. 13 CV 9112 |
| *Plaintiffs*, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate Judge |
| BULK TRANSPORT CORP., | ) | |
| an Indiana corporation, | ) | |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND TO ENJOIN OR STAY ARBITRATION

Plaintiffs, the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendant Bulk Transport Corp. ("Bulk Transport") allege as follows:

### INTRODUCTION

1.     This is an action for an injunction and a declaratory judgment pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Plaintiffs seek this Court's determination concerning the respective rights and obligations of the parties under MPPAA in connection with contributions remitted by Defendant to the Pension Fund.

2.     An actual, justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under MPPAA is necessary and appropriate.

## THE PARTIES

3.     Plaintiff Central States, Southeast and Southwest Areas Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

4.     Plaintiff Arthur H. Bunte, Jr. is a trustee of the Pension Fund and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

5.     Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries.

6.     Defendant Bulk Transport is a corporation organized under the laws of the State of Indiana.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this civil action under 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

8.     Plaintiffs seek a declaration of the parties' rights and obligations with respect to certain contributions that were remitted to the Pension Fund on behalf of Terry Loniewski during the period of 2003 to 2012. This action involves an actual controversy between the parties relating to their rights and obligations under MPPAA, and this Court is therefore vested by the provisions of MPPAA and the Declaratory Judgment Act with power to render declaratory judgment, and grant other relief as requested herein.

9.     Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois.

Further, Bulk Transport is bound by the venue provision contained in the Pension Fund's Trust Agreement which provides for venue in the Northern District of Illinois for all suits filed by the Pension Fund.

## BACKGROUND INFORMATION

10.    During all relevant times, Bulk Transport was bound by collective bargaining agreements with a certain Teamsters local, under which Bulk Transport was required to make contributions to the Pension Fund on behalf of certain of its employees.

11.    As a result of a decline in Bulk Transport's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2010, Bulk Transport effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205(a)(1), 29 U.S.C. § 1385(a)(1) (the "2010 Partial Withdrawal").

12.    As a result of the 2010 Partial Withdrawal, Bulk Transport incurred withdrawal liability to the Pension Fund in the amount of $415,235.31 as determined under ERISA Section 4201(b), 29 U.S.C. § 1381(b) (the "2010 Partial Withdrawal Liability").

13.    On May 10, 2012, Bulk Transport received a notice and demand for payment of 2010 Partial Withdrawal Liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).

14.    On or about November 5, 2012, Bulk Transport, through its attorney, submitted its request for review under 29 U.S.C. § 1399(b)(2)(A), regarding the 2010 Partial Withdrawal Liability.

15.    Included in Bulk Transport's request for review was a request for a refund of contributions it paid on behalf of its employee, Terry Loniewski, for the period of 2003 through 2012.

16.     On March 12, 2013, the Board of Trustees of the Pension Fund voted to deny Bulk Transport's request for a refund because the contributions subject to the refund request were required to be paid to the Pension Fund and because there was no mistake of fact or law regarding Bulk Transport's contributions.

17.     On or about March 27, 2013, Bulk Transport initiated arbitration pursuant to section 4221(a) of ERISA, 29 U.S.C. § 1401(a), to challenge the withdrawal liability.

18.     As a result of a decline in Bulk Transport's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2011, Bulk Transport effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205(a)(1), 29 U.S.C. § 1385(a)(1) (the "2011 Partial Withdrawal").

19.     As a result of the 2011 Partial Withdrawal, Bulk Transport incurred withdrawal liability to the Pension Fund in the amount of $86,687.75 as determined under ERISA Section 4201(b), 29 U.S.C. § 1381(b) (the "2011 Partial Withdrawal Liability").

20.     On May 17, 2013, Bulk Transport received a notice and demand for payment of the 2011 Partial Withdrawal Liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).

21.     The Pension Fund determined that on or about December 29, 2012, Bulk Transport permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

22.     As a result of this complete withdrawal, Bulk Transport incurred withdrawal liability to the Pension Fund in the principal amount of $237,768.18, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2012 Complete Withdrawal Liability).

23. On or about May 17, 2013, Bulk Transport received a notice and demand for payment of the 2012 Complete Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

24. On or about August 13, 2013, Bulk Transport, through its attorney, submitted its request for review under 29 U.S.C. § 1399(b)(2)(A), regarding the 2011 Partial Withdrawal Liability and the 2012 Complete Withdrawal Liability.

25. Included in Bulk Transport's request for review of the 2011 Partial Withdrawal Liability and the 2012 Complete Withdrawal Liability was another request for a refund of contributions it paid on behalf of its employee, Terry Loniewski, for the period of 2003 through 2012.

26. On November 19, 2013, the Board of Trustees of the Pension Fund voted to deny Bulk Transport's request for a refund because Bulk Transport was obligated to make the contributions that were the subject of the refund request and because there was no mistake of fact or law regarding Bulk Transport's contributions.

27. Bulk Transport agreed to be bound by the trust agreement which created the Pension Fund.

28. Article XIV, Section 1 of the Pension Fund's Trust Agreement provides:

> The Trustees will issue a credit for contributions that have been billed to an Employer if (1) the related work history was reported by mistake of fact or law (other than a mistake about plan qualification or tax-exempt status pursuant to the Internal Revenue Code) as determined by the Trustees and (2) the request for credit is received within ten years after the related work history was billed.

29. The Pension Fund's Trust Agreement also provides in Article V, Section 2 that the Trustees are vested with discretionary and final authority to resolve all questions or controversies submitted to the Trustees.

30.     Article III, Section 6 of the Pension Fund's Trust Agreement also states that the employer shall be liable for attorneys' fees and costs incurred by the Pension Fund in any litigation regarding, *inter alia*, contribution refunds.

31.     The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

### STATUTORY AUTHORITY

32.     Section 515 of ERISA , 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

33.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A)     the unpaid contributions,
>
> (B)     interest on the unpaid contributions,
>
> (C)     an amount equal to the greater of--
>
>> (i)     interest on the unpaid contributions, or
>>
>> (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

34.    On March 12, 2013 and November 19, 2013, the Trustees of the Pension Fund determined that Bulk Transport was not entitled to the contribution refund it requested.

35.    The Trustees' determination that Bulk Transport is not entitled to a refund is subject to an arbitrary and capricious standard of review. The Trustees' decision was neither arbitrary nor capricious.

36.    Bulk Transport was required to remit the Loniewski contributions to the Pension Fund under section 515 of ERISA, 29 U.S.C. § 1145. Further, there was no mistake of fact or law regarding the contributions for which Bulk Transport seeks a refund.

37.    As a result of the Trustees' decisions concerning the Loniewski contributions, the Pension Fund has advised Loniewski that he is eligible for a pension from the Pension Fund.

38.    Pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1), only determinations made under 29 U.S.C. §§ 1381 through 1399 are matters for arbitration.

39.    Matters regarding an obligation to make contributions under section 515 of ERISA, 29 U.S.C. § 1145 are not included in section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1) as matters for arbitration. Therefore, the arbitrator does not have jurisdiction to decide the refund issue.

40.     A real case or controversy exists between the parties concerning the propriety of the Trustees' denial of Bulk Transport's refund request which impacts Loniewski's entitlement to receive a pension and the amount of withdrawal liability owed to the Pension Fund.

**WHEREFORE**, for the reasons set forth above, Plaintiffs request the following relief:

A.     This Court stay or enjoin the pending Arbitration with regard to Bulk Transport's request for a refund until there is a final declaration of rights and obligations by this Court;

B.     This Court render a declaratory judgment providing that:

(1)     the Trustees' denial of Bulk Transport's refund request was proper;

(2)     Bulk Transport was required under section 515 of ERISA, 29 U.S.C. § 1145 to make contributions to the Pension Fund; and

(3)     Bulk Transport cannot arbitrate the refund claims.

C.     This Court award Plaintiffs their attorney's fees and costs; and

D.     This Court grant Plaintiffs any and all other relief to which they may be entitled.

Respectfully submitted,

*/s/ Rebecca K. McMahon*
Rebecca K. McMahon (ARDC #06290192)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018
(847) 518-9800, Ext. 3441
rmcmahon@centralstatesfunds.org

December 20, 2013                    *COUNSEL FOR CENTRAL STATES*